UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Doe K, by and through his guardians,
John Doe KT and Jane Doe LT,

      Plaintiff,

v.                                                  Civil No. 10-2152 (JNE/SER)
                                                   ORDER

Gregg Alan Larsen et al.,

      Defendants.

"Every pleading must have a caption with . . . a title . . . . The title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a).[1] Nevertheless, a plaintiff may proceed anonymously under certain circumstances. *See, e.g.*, *Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721-24 (7th Cir. 2011); *Doe v. Megless*, 654 F.3d 404, 408-11 (3d Cir. 2011); *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-19 (11th Cir. 2011). In this case, John Doe K, John Doe KT, and Jane Doe LT neither sought nor received leave to proceed anonymously. Unless they move to proceed anonymously within seven days of the date of this Order, the Court will dismiss this action without prejudice. *See Elmbrook Sch. Dist.*, 658 F.3d at 721-22 (recognizing district court's independent duty to determine whether exceptional circumstances warranted departure from normal method of proceeding in federal court); *Megless*, 654 F.3d at 406 (affirming district court's dismissal of action in which plaintiff failed to proceed using real name after denial of his motion to proceed anonymously); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (stating that a party who "wishes to file a case anonymously or under a pseudonym . . . must first petition the district court for permission to do so"; that permission, if granted, is often subject to "the requirement that the real names of the plaintiffs be disclosed to the defense and the court but

---

[1]     Unless the court orders otherwise, a filing that includes the name of a minor may only include the minor's initials. Fed R. Civ. P. 5.2(a).

1

2

kept under seal thereafter"; and that "[w]here no permission is granted, 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them'"); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[W]e would be remiss if we failed to point out that the privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object."); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (stating that "there is a judicial duty to inquire into the circumstances of particular cases to determine whether" a party may proceed anonymously). Any such motion shall be directed to the magistrate judge.

    IT IS SO ORDERED.

Dated: December 9, 2011

                                    s/ Joan N. Ericksen
                                    JOAN N. ERICKSEN
                                    United States District Judge