UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Doe K, by and through his guardians,
John Doe KT and Jane Doe LT,

   Plaintiff,

v.             Civil No. 10-2152 (JNE/SER)
              ORDER
Gregg Alan Larsen and Downloaders 1-100,

   Defendants.

  In November 2011, the Court ordered John Doe K to show cause why this action should

not be dismissed for failure to prosecute.  His response sought a 6-month delay.  For the reasons

set forth below, the Court dismisses this action without prejudice for failure to prosecute.

  John Doe K commenced this action in May 2010.  The next month, he served the

Summons and the Complaint on Gregg Alan Larsen.  In an Order dated October 8, 2010, the

magistrate judge noted that more than 120 days had elapsed since the action's commencement

and that Larsen had not appeared.[1]  The magistrate judge directed counsel for John Doe K to

"[n]otify defense counsel immediately that he/she is required to make an appearance or move for

an extension of time to do so," to "[f]ile an application for entry of default unless the required

pleading is filed within 10 days," or to "[a]dvise the Court in writing of any good cause to the

contrary."  The magistrate judge stated that failure to comply with the Order within twenty days

would result in the action's dismissal for lack of prosecution.  Ten days later, John Doe K filed

an Application for Default Judgment under Rule 55(b)(2) of the Federal Rules of Civil

Procedure.  In his application, John Doe K requested "that default judgment be entered in [his]

favor" and "that the Court hold a hearing to determine the amount of damages in this matter."

---

[1]  Larsen is serving a 25-year prison sentence.  Judgment in a Criminal Case, *United States v. Larsen*, Criminal No. 10-137 (JNE/SRN) (D. Minn. Nov. 30, 2010), ECF No. 33.

Construing John Doe K's application as one for entry of Larsen's default, the Clerk of Court entered it on October 19, 2010.  *See* Fed. R. Civ. P. 55(a).

In an Order dated April 13, 2011, almost six months after entry of Larsen's default, the magistrate judge noted that John Doe K had not "filed a separate motion for entry of default judgment that complies with Fed. R. Civ. P. 55(b)."  The magistrate judge ordered John Doe K to file a motion for entry of default judgment within thirty days and to contact the undersigned's chambers for a hearing date.  If John Doe K failed to comply, the magistrate judge stated that a recommendation to dismiss the action for lack of prosecution would issue.

In early May 2011, John Doe K filed an Application for Default Judgment and Motion for an Evidentiary Hearing to Determine Damages.  It was scheduled to be heard on July 14, 2011.  In support, John Doe K filed a short memorandum that discussed Larsen's failure to respond to the Complaint.  It did not contain a substantive discussion of his claims or requested relief.  Two days before the July 14 hearing, the Court cancelled the hearing; ordered John Doe K to contact the undersigned's chambers to schedule an evidentiary hearing; and ordered him to submit proposed findings of fact and conclusions of law, as well as a supplemental memorandum of law, in support of his position on damages before the evidentiary hearing.

More than four months passed, and John Doe K did not schedule an evidentiary hearing. Accordingly, on November 16, 2011, the Court ordered John Doe K to show cause why this action should not be dismissed for failure to prosecute.  He responded by submitting a 4-page memorandum and a 3-page affidavit.

The memorandum states that "[c]ounsel for [John Doe K] did not reschedule the hearing on Plaintiff's Motion for Default because he believed, given the vulnerability of this particular minor Plaintiff, that it would be beneficial to the minor Plaintiff if additional time passed before

presenting damages to this Court."  The memorandum continued by describing John Doe K's

vulnerabilities.  It also noted that this case is one of three similar cases against Larsen.  Counsel

for John Doe K represents the plaintiffs in the other two actions, and the three cases are assigned

to the same district and magistrate judges.  Asserting that "there is little guidance on damages in

civil cases involving victims of child pornography" under the applicable statute, "counsel for

[John Doe K] believed it wise to conduct a damages hearing . . . involving one of the older and

less vulnerable plaintiffs before conducting the damages hearing in the current matter."[2]

According to John Doe K's memorandum, "[c]ounsel can now use the information from the

[other] case to present damages evidence to the Court in this matter when the damages hearing is

ultimately conducted."  As to when the evidentiary hearing might take place, the memorandum

states:

> Counsel for Plaintiff requests that this Court allow this case to remain
> pending for 6 months.  At that time, counsel will contact the Court's calendar
> clerk and schedule a hearing on Plaintiff['s] Motion for Default and also present
> evidence of damages at that hearing or dismiss this case without prejudice and re-
> file the case when the minor Plaintiff is able to better participate in the case.

The memorandum closes by requesting more time for John Doe K "to prepare his damages":

> Counsel for the minor Plaintiff needs additional time so that the minor Plaintiff
> can participate in mental health treatment and be in the position to be evaluated by
> an expert psychologist who can then testify before this Court on the issue of the
> damage Defendant caused to minor Plaintiff when he produced, downloaded and
> distributed child pornography of the minor Plaintiff.  In addition, minor Plaintiff
> may also be in the position to testify before this Court on those same issues.

> Consequently, minor Plaintiff, through counsel, requests that this Court
> not dismiss this lawsuit for failure to prosecute and allow minor Plaintiff
> additional time to prepare his damages in this case.

> The affidavit, submitted by John Doe K's counsel, essentially restates the memorandum.

It summarizes the action's procedural history, asserts that "[c]ounsel did not reschedule [the July

---

[2]     In November 2011, an evidentiary hearing took place in one of the other cases.

14] hearing because the damages in this case are complex and the minor Plaintiff has not been in the position to participate in the damage assessment required," discusses John Doe K's vulnerabilities, and explains why counsel "decided to schedule and conduct a damages hearing" in one of the other two cases against Larsen.

A district court may, in its discretion, dismiss an action for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962); *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008); *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) (per curiam); *see* Fed. R. Civ. P. 41(b). "[D]ismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). "A plaintiff need not have acted in bad faith, but the district court must find that the plaintiff 'acted intentionally as opposed to accidentally or involuntarily.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (quoting *Hunt*, 203 F.3d at 527). "Even where the facts might support dismissal with prejudice, this 'ultimate sanction . . . should only be used when lesser sanctions prove futile.'" *Hunt*, 203 F.3d at 527 (alteration in original) (quoting *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1222 (8th Cir. 1998)). "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt*, 203 F.3d at 527; *see Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997). "[T]he sanction imposed . . . must be proportionate to the litigant's transgression." *Rodgers*, 135 F.3d at 1219.

Delay and an admonition that he faced a dismissal for failure to prosecute have preceded almost every filing that John Doe K has made in this case. From the service of the Summons and

the Complaint on Larsen to John Doe K's October 2010 Application for Default Judgment, more than four months passed.  John Doe K filed his Application for Default Judgment only after the magistrate judge admonished him that he faced a dismissal for failure to prosecute unless he took action to advance this litigation.  From the entry of Larsen's default to John Doe K's May 2011 Application for Default Judgment and Motion for an Evidentiary Hearing to Determine Damages, more than six months passed.  John Doe K filed it only after the magistrate judge admonished him that he faced a dismissal for failure to prosecute unless he filed a motion for entry of default judgment.  John Doe K's May 2011 application and motion briefly discussed Larsen's default.  It did not contain a substantive discussion of his claims or requested relief.  In July 2011, the Court cancelled the hearing of his May 2011 application and motion, ordered John Doe K to schedule an evidentiary hearing, and ordered him to submit proposed findings of fact and conclusions of law, as well as a supplemental memorandum of law, in support of his position on damages before the evidentiary hearing.  More than four months passed.  John Doe K did nothing.  Accordingly, in November 2011, the Court ordered him to show cause why this action should not be dismissed for failure to prosecute.  John Doe K's response reveals that his attorney decided his litigation strategy was better served by disregarding the Order to schedule an evidentiary hearing in this case (Pl.'s Att'y Aff. ¶ 9, Nov. 22, 2011, ECF No. 21); that John Doe K's attorney is not prepared for an evidentiary hearing; that John Doe K himself is not prepared—almost two years after bringing it—to participate in this action; and that John Doe K *might* be prepared to participate in this action in six months.

John Doe K's response plainly fails to show cause why this action should not be dismissed for failure to prosecute.  Throughout this litigation, John Doe K has failed to expeditiously prosecute it.  Instead, he pursues it when admonished that he faces a dismissal for

failure to prosecute.  After the Court specifically ordered him to schedule an evidentiary hearing,

he did nothing.  His response to the order to show cause is a plea for still more delay and an

admission that he is not prepared to present evidence of his damages or to participate in this case.

The Court does not belittle the harm inflicted on John Doe K by Larsen, but the Court can no

longer devote scarce judicial resources to an action whose plaintiff makes little to no independent

effort to prosecute it.  The Court dismisses this action for failure to prosecute.

As to whether the dismissal should be with or without prejudice, the record reveals that

John Doe K has exhibited a pattern of intentional delay such that a dismissal with prejudice

could be appropriate.  Nevertheless, the Court dismisses the action without prejudice.  A

dismissal without prejudice remedies John Doe K's failure to prosecute this action without

forever extinguishing his right to pursue an action against Larsen if and when his vulnerabilities

allow.  Having defaulted, Larsen cannot claim significant prejudice.  The Court dismisses this

action without prejudice for failure to prosecute.  *Cf. Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir.

1984) ("A relatively brief period of delay is sufficient to justify the district court's sending a

litigant to the back of the line.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.      This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 6, 2012

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge